**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

*Attorneys for Plaintiff,*
Andra Jay

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

FILED

2013 NOV 21 PM 2:11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRA JAY,<br><br>Plaintiff,<br><br>v.<br><br>SALLIE MAE, INC.; GC SERVICES LIMITED PARTNERSHIP; AND, ALLIED INTERSTATE, LLC,<br><br>Defendants. | Case No.: 5:13-cv-2142 MWF-DTBx<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>I.    **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>II.   **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.; AND,**<br><br>III.  **CALIFORNIA CIVIL CODE § 1798.92, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. ANDRA JAY ("Plaintiff"), by Plaintiff's attorneys, brings this action on behalf of Plaintiff's mother, Rita Cutler, ("Ms. Cutler")[2] to challenge the actions of SALLIE MAE, INC. ("Sallie Mae" or "Defendants"); GC SERVICES LIMITED PARTNERSHIP ("GC Services" or "Defendants"); and, ALLIED INTERSTATE, LLC ("Allied") with regard to attempts by

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

[2] As discussed below, Ms. Cutler was declared mentally incompetent in 2008; thus, Ms. Cutler lacks the legal capacity to file suit.

1  Defendants, debt collectors, to unlawfully and abusively collect a debt
2  allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3  4. Plaintiff makes these allegations on information and belief, with the exception
4  of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
5  Plaintiff alleges on personal knowledge.

6  5. While many violations are described below with specificity, this Complaint
7  alleges violations of the statute cited in its entirety.

8  6. Unless otherwise stated, all the conduct engaged in by Defendant took place
9  in California.

10  7. Any violations by Defendants were knowing, willful, and intentional, and
11  Defendant did not maintain procedures reasonably adapted to avoid any such
12  violation.

13  8. Unless otherwise indicated, the use of Defendant's name in this Complaint
14  includes all agents, employees, officers, members, directors, heirs, successors,
15  assigns, principals, trustees, sureties, subrogees, representatives, and insurers
16  of Defendant's named.

17  **JURISDICTION AND VENUE**

18  9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
19  1682k and 28 U.S.C. § 1367 for supplemental state claims.

20  10. This action arises out of Defendants' violations of (i) the Fair Debt Collection
21  Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); (ii) the Rosenthal Fair
22  Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); and,
23  (iii) California Civil Code §§ 1798-92, et seq.

24  11. Because Defendant conducts business within the State of California, personal
25  jurisdiction is established.

26  12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i)
27  Plaintiff resides in the City of Palm Desert, County of Riverside, State of
28  California which is within this judicial district; (ii) the conduct complained of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   herein occurred within this judicial district; and, (iii) Defendants conducted
2   business within this judicial district at all times relevant.
3   **PARTIES**
4   13.  Plaintiff is a natural person who resides in the State of California, from whom
5        a debt collector sought to collect a consumer debt which was due and owing
6        or alleged to be due and owing from Plaintiff.   In addition, Plaintiff is a
7        "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
8   14.  Ms. Cutler is a "Victim of Identity Theft" as that term is defined by Cal. Civ.
9        Code § 1798.82(d).  In addition, Ms. Cutler is a "senior citizen" as that term is
10       defined by Cal. Civ. Code § 1761(f).
11  15.  Defendant Sallie Mae is a company incorporated in the State of Delaware with
12       its principal place of business in Reston, Virginia.
13  16.  Defendant GC Services is a limited partnership incorporated in the State of
14       Delaware with its principal place of business in Houston, Texas.
15  17.  Defendant Allied Interstate LLC is a company incorporated in the State of
16       Minnesota with its principal place of business in New York, New York.
17  18.  Plaintiff is informed and believes, and thereon alleges, that Defendants, in the
18       ordinary course of business, regularly, on behalf of themselves or others,
19       engage in "debt collection" and are therefore "debt collectors" as the terms are
20       defined by 15 U.S.C. § 1692a(6).
21  19.  This case involves money, property or their equivalent, due or owing or
22       alleged to be due or owing from a natural person by reason of a consumer
23       credit transaction.  As such, this action arises out of a "debt" as that term is
24       defined by 15 U.S.C. 1692a(5).
25  20.  Defendants are each a "claimant" as that term is defined by California Civil
26       Code § 1798.92(a).
27  ///
28  ///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff is an individual residing within the State of California.

22. In 2006, Plaintiff's mother, Rita Cutler ("Ms. Cutler"), was diagnosed with Alzheimer's disease.

23. After years of medical care, two separate doctors and a registered nurse declared Ms. Cutler to be incompetent. Specifically, David W. Trader, M.D. on March 10, 2008; Dr. R. Swamy Venuturupalli, M.D., F.A.C.R. on March 19, 2008; and, Liz Gayton, RN on February 28, 2012.

24. Shortly after this diagnosis, Plaintiff obtained Power of Attorney for Ms. Cutler in or about May 2008. Plaintiff brings this lawsuit on behalf of Ms. Cutler since Ms. Cutler does not have the capacity to file suit.

25. Currently, Ms. Cutler is terminally ill and receiving the assistance of a hospice nurse. In addition, Ms. Cutler is a senior citizen, aged 89.

26. As a result of the medical issues and Ms. Cutler's delicate age, Ms. Cutler retained the services of a family of four to act as live-in caregivers.

27. While caring for Ms. Cutler, the primary caregiver's daughter, Joana Reboja ("Reboja") met Kevin Smith ("Smith") online.

28. Merely months after meeting online, Smith moved into Ms. Cutler's home to live with Reboja and to provide additional assistance for Ms. Cutler.

29. In or about 2008, Smith abused Smith's role as caregiver and stole Ms. Cutler's identity for Smith's own personal gains.

30. First, Smith stole Ms. Cutler's identity in order to purchase two Nissan Z automobiles for Smith's personal use without Ms. Cutler's knowledge and/or consent. Smith unilaterally listed Ms. Cutler as the owner of both vehicles.

31. Following this purchase, Plaintiff was contacted by Nissan informing Plaintiff that Ms. Cutler was delinquent on Ms. Cutler's car payment. Since Plaintiff knew that Ms. Cutler did not drive, Plaintiff was immediately suspicious and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   requested more information from Nissan.

2   32. As a result of Plaintiff's investigation, Plaintiff provided Nissan with
3   sufficient information to allow Nissan to determine that Smith obtained the
4   vehicles fraudulently and Nissan promised to refrain from collection efforts
5   against Plaintiff and/or Ms. Cutler on December 8, 2011.

6   33. During the course of Plaintiff's investigation with Nissan, Plaintiff obtained a
7   copy of Ms. Cutler's credit report. In reviewing said credit report, Plaintiff
8   discovered a trade line from Sallie Mae alleging that Ms. Cutler co-signed for
9   a student loan with Smith.

10  34. Thereafter, Plaintiff filed two police reports against Smith for stealing Ms.
11  Cutler's identity in order to obtain the vehicles and a student loan on behalf of
12  Ms. Cutler with the Los Angeles Police Department.

13  35. As stated above, Ms. Cutler was legally incompetent to enter into any
14  contracts at the time that Ms. Cutler allegedly co-signed for Smith's student
15  loans. Thus, Ms. Cutler lacked the legal capacity to enter into a contract of
16  any sort.

17  36. As a result of Smith's deceit, Defendants assert that Ms. Cutler allegedly
18  incurred financial obligations to the original creditor, Sallie Mae, that were
19  money, property, or their equivalent, which is due or owing, or alleged to be
20  due or owing, from a natural person to another person and were therefore
21  "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. §
22  1692a(6).

23  37. Thereafter, Smith made payments on the Sallie Mae account for a period of
24  time but eventually went into default. Following said default, Sallie Mae
25  initiated collection attempts against Ms. Cutler and Plaintiff.

26  38. Plaintiff informed Sallie Mae that Plaintiff had Power of Attorney for Ms.
27  Cutler and explained that the account was opened fraudulently in Ms. Cutler's
28  name. In response, Sallie Mae's representative informed Plaintiff that

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   Plaintiff must complete an ID Theft Affidavit in order for Sallie Mae to

2   investigate Plaintiff's claims.

3   39.   In addition to completing Sallie Mae's ID Theft Affidavit, Plaintiff provided

4   Sallie Mae with Plaintiff's Power of Attorney for Ms. Cutler; Dr. Trader's and

5   Dr. Venuturupalli's Declarations of Incompetence; both police reports; and,

6   detailed explanations regarding the fraud committed by Smith.   Furthermore,

7   Plaintiff's ID Theft Affidavit was also notarized by a Notary Public and

8   provided Sallie Mae with Ms. Cutler's date of birth on numerous occasions.

9   40.   In response to the copious information provided by Plaintiff, Sallie Mae

10   merely responded with a two-sentence letter on November 23, 2011

11   summarily asserting that Ms. Cutler was responsible for Smith's student loan.

12   41.   This information showed Sallie Mae that identity theft had occurred and

13   provided documentation supporting this occurrence.   As evidenced by Sallie

14   Mae's conclusory form letter rejecting Plaintiff's assertion, Sallie Mae failed

15   to diligently investigate Plaintiff's notification of possible identity theft.   As a

16   result, Sallie Mae has continued to pursue its claim against Plaintiff despite

17   knowledge that Plaintiff is not responsible for the alleged debt.

18   42.   On or before November 23, 2011, Plaintiff telephonically contacted Sallie

19   Mae in order to inquire about Sallie Mae's identity theft decision.   During said

20   telephonic communication, Plaintiff spoke with Sallie Mae's representative,

21   "Rob Ysais." Mr. Ysais confirmed that Sallie Mae had received Plaintiff's ID

22   Theft Affidavit, including the police reports and the Declarations of

23   Incompetence.    Thereafter, Mr. Ysais belittled and insulted Plaintiff for

24   believing that these documents established that Ms. Cutler's identity had been

25   stolen.   In addition, Mr. Ysais falsely asserted that whether Ms. Cutler was

26   incompetent at the time of execution was irrelevant.   Plaintiff was deeply

27   troubled by Mr. Ysais' verbal abuse.

28   ///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

43. Sallie Mae's continued attempts to knowingly collect an invalid debt from Plaintiff and Ms. Cutler via written and telephonic communications constitutes a violation of 15 U.S.C. § 1692e since Sallie Mae used false, deceptive and misleading representations in connection with the collection of Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Cutler's alleged debt as one that is owed by Ms. Cutler. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

47. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

48. To date, Sallie Mae continues Sallie Mae's unfair debt collection practices by communications personal credit information to Ms. Cutler's credit report that is known or should be known to be false. Such conduct constitutes a violation

1    of 15 U.S.C. § 1692e(8).

2    49. Since Sallie Mae's repeated collection attempts continued, Plaintiff retained
3    the services of Glenn R. Kantor, Esq. of Kantor & Kantor, LLP to assist with
4    Sallie Mae's unfair debt collection practices. In that regard, Mr. Kantor sent a
5    detailed written communication via certified mail dated February 6, 2012
6    explaining yet again to Sallie Mae why Ms. Cutler was not responsible for the
7    alleged debt. Mr. Kantor also informed Sallie Mae of Plaintiff's attorney's
8    name, address, telephone number, e-mail, facsimile and requested that all
9    further communication with regard to Plaintiff's alleged debt be directed to
10   Plaintiff's counsel only.

11   50. By ignoring the information provided by Plaintiff and Plaintiff's counsel,
12   Sallie Mae engaged in conduct the natural consequence of which was to
13   harass, oppress and abuse Ms. Cutler and Plaintiff. Through this conduct,
14   Sallie Mae violated 15 U.S.C. § 1692d. This section is incorporated into the
15   RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has
16   violated Cal. Civ. Code § 1788.17.

17   51. Sallie Mae's continued attempts to knowingly collect an invalid debt from
18   Plaintiff and Ms. Cutler via written and telephonic communications
19   constitutes a violation of 15 U.S.C. § 1692e since Sallie Mae used false,
20   deceptive and misleading representations in connection with the collection of
21   Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the
22   RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has
23   violated Cal. Civ. Code § 1788.17.

24   52. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(2)(A) by falsely
25   representing the character, amount and legal status of Ms. Cutler's alleged
26   debt as one that is owed by Ms. Cutler. This section is incorporated into the
27   RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has
28   violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

53. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

54. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt from Plaintiff.

55. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

56. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692c(2) by collecting an alleged debt from a represented party. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

57. Through this conduct, Sallie Mae also violated Cal. Civ. Code § 1788.14(c) by initiating communications, other than statements of account, with Plaintiff despite knowledge that Plaintiff was a represented party.

58. Since Sallie Mae wholly disregarded Mr. Kantor's written communication, Plaintiff retained the services of Allan D. Sarver, Esq. Like Mr. Kantor before him, Mr. Sarver provided Sallie Mae with further documentation in support of Plaintiff's assertion that Plaintiff was not responsible for the alleged debt via written communication dated June 18, 2012.

59. By ignoring the information provided by Plaintiff and Plaintiff's counsel, Sallie Mae engaged in conduct the natural consequence of which was to harass, oppress and abuse Ms. Cutler and Plaintiff. Through this conduct,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Sallie Mae violated 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

60. Sallie Mae's continued attempts to knowingly collect an invalid debt from Plaintiff and Ms. Cutler via written and telephonic communications constitutes a violation of 15 U.S.C. § 1692e since Sallie Mae used false, deceptive and misleading representations in connection with the collection of Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

61. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Cutler's alleged debt as one that is owed by Ms. Cutler. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

62. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

63. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

64. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

65. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692c(2) by collecting an alleged debt from a represented party. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also has violated Cal. Civ. Code § 1788.17.

66. Through this conduct, Sallie Mae also violated Cal. Civ. Code § 1788.14(c) by initiating communications, other than statements of account, with Plaintiff despite knowledge that Plaintiff was a represented party.

67. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to both Allied and GC Services for further collection activity. Thus, Sallie Mae continued Sallie Mae's unfair debt collection practices by representing to GC Services and Allied that Plaintiff's alleged debt was valid.

68. Following this alleged transfer, Allied began collecting Plaintiff's alleged debt from Plaintiff both telephonically and via written communications.

69. Mr. Sarver then contacted Allied and informed Allied that Allied was attempting to collect an invalid debt from Plaintiff. Mr. Sarver's November 20, 2012 written communication also provided Allied with Plaintiff's Power of Attorney for Ms. Cutler; Plaintiff's ID Theft Affidavit; Dr. Trader's and Dr. Venuturupalli's Declarations of Incompetence; both police reports; and, detailed explanations regarding the fraud committed by Smith. This documentation repeatedly provided Allied with Ms. Cutler's date of birth. However, like Sallie Mae, Allied disregarded the information provided by Mr. Sarver and has continued to collect this invalid debt directly from Plaintiff.

70. This information showed Allied that identity theft had occurred and provided documentation supporting this belief. As evidenced by Allied's continued collection activity, Allied failed to diligently investigate Plaintiff's notification of possible identity theft. As a result, Allied has continued to pursue its claim against Plaintiff despite knowledge that Plaintiff is not responsible for the alleged debt.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

71. By ignoring the information provided by Plaintiff and Plaintiff's counsel, Allied engaged in conduct the natural consequence of which was to harass, oppress and abuse Ms. Cutler and Plaintiff. Through this conduct, Allied violated 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Allied also has violated Cal. Civ. Code § 1788.17.

72. Allied's continued attempts to knowingly collect an invalid debt from Plaintiff and Ms. Cutler via written and telephonic communications constitutes a violation of 15 U.S.C. § 1692e since Allied used false, deceptive and misleading representations in connection with the collection of Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Allied also has violated Cal. Civ. Code § 1788.17.

73. Through this conduct, Allied violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Cutler's alleged debt as one that is owed by Ms. Cutler. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Allied also has violated Cal. Civ. Code § 1788.17.

74. Through this conduct, Allied violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Allied also has violated Cal. Civ. Code § 1788.17.

75. Through this conduct, Allied violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Allied also has violated Cal. Civ. Code § 1788.17.

76. Through this conduct, Allied violated 15 U.S.C. § 1692f(1) by attempting to

1   collect an amount not permitted by law from Plaintiff.  This section is

2   incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus,

3   Allied also has violated Cal. Civ. Code § 1788.17.

4   77.  Through this conduct, Allied violated 15 U.S.C. § 1692c(2) by collecting an

5   alleged debt from a represented party.  This section is incorporated into the

6   RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant also has

7   violated Cal. Civ. Code § 1788.17.

8   78.  Through this conduct, Allied also violated Cal. Civ. Code § 1788.14(c) by

9   initiating communications, other than statements of account, with Plaintiff

10  despite knowledge that Plaintiff was a represented party.

11  79.  Concurrently, GC Services is also collecting the alleged Sallie Mae debt from

12  Plaintiff.

13  80.  As before, Mr. Sarver contacted GC Services and informed GC Services that

14  GC Services was attempting to collect an invalid debt from Plaintiff.  Mr.

15  Sarver's April 18, 2013 written communication also provided GC Services

16  with Plaintiff's Power of Attorney for Ms. Cutler; Plaintiff's ID Theft

17  Affidavit; Dr. Trader's and Dr. Venuturupalli's Declarations of Incompetence;

18  both police reports; and, detailed explanations regarding the fraud committed

19  by Smith.  This documentation repeatedly provided GC Services with Ms.

20  Cutler's date of birth.  However, like Sallie Mae, GC Services disregarded the

21  information provided by Mr. Sarver and has continued to collect this invalid

22  debt directly from Plaintiff.

23  81.  This information showed GC Services that identity theft had occurred and

24  provided documentation supporting this belief.  As evidenced by GC Services

25  disregard of the information provided by Mr. Sarver, GC Services failed to

26  diligently investigate Plaintiff's notification of possible identity theft.  As a

27  result, GC Services has continued to pursue its claim against Plaintiff despite

28  knowledge that Plaintiff is not responsible for the alleged debt.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

82. By ignoring the information provided by Plaintiff and Plaintiff's counsel, GC Services engaged in conduct the natural consequence of which was to harass, oppress and abuse Ms. Cutler and Plaintiff. Through this conduct, Allied violated 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

83. GC Services' continued attempts to knowingly collect an invalid debt from Plaintiff and Ms. Cutler via written and telephonic communications constitutes a violation of 15 U.S.C. § 1692e since GC Services used false, deceptive and misleading representations in connection with the collection of Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

84. Through this conduct, GC Services violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Cutler's alleged debt as one that is owed by Ms. Cutler. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

85. Through this conduct, GC Services violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

86. Through this conduct, GC Services violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

87. Through this conduct, GC Services violated 15 U.S.C. § 1692f(1) by

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   attempting to collect an amount not permitted by law from Plaintiff. This
2   section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.
3   Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

4   88. Through this conduct, GC Services violated 15 U.S.C. § 1692c(2) by
5   collecting an alleged debt from a represented party. This section is
6   incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus,
7   Defendant also has violated Cal. Civ. Code § 1788.17.

8   89. Through this conduct, GC Services also violated Cal. Civ. Code § 1788.14(c)
9   by initiating communications, other than statements of account, with Plaintiff
10  despite knowledge that Plaintiff was a represented party.

11  90. Thus, Defendant took actions against Plaintiff concerning the alleged debt in
12  violation of the statute discussed above. Consequently, Defendants have
13  violated 15 U.S.C. §§ 1692d; 1692e; 1692e(2)(A); 1692e(8); 1692e(10);
14  1692f; and, 1692f(1). In addition, Defendant also violated Cal. Civ. Code §§
15  1788.11(b); 1788.11(c); and, 1788.17.

16  91. These repeated and continuous violations have caused Plaintiff unnecessary
17  stress and anxiety. In addition, said violations also caused serious strain for
18  Ms. Cutler, a terminally ill senior citizen, a fact known by Defendants.
19  Despite this knowledge, Defendants continued to pursue Plaintiff and Ms.
20  Cutler for an invalid debt causing Plaintiff and Ms. Cutler to suffer.

21  92. In addition, Defendants' continued illegal collection actions and continued
22  reporting on Plaintiff's credit reports after failing to conduct a reasonable
23  investigation into Plaintiff's identity theft claims violate Cal. Civ. Code §
24  1798.92 et seq.

25  ///
26  ///
27  ///
28  ///

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

### [AGAINST ALL DEFENDANTS EXCEPT SALLIE MAE]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

95. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AGAINST ALL DEFENDANTS]

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

98. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**COUNT III**

**VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97**

**[AGAINST ALL DEFENDANTS]**

99. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

101. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant

1      individually.

2      • an award of costs of litigation and reasonable attorney's fees, pursuant to

3      15 U.S.C. § 1692k(a)(3), against each named Defendant individually;

4      • special, general, compensatory and punitive damages;

5      • treble damages pursuant to Cal. Civ. Code § 3345; and,

6      • any and all other relief that this Court deems just and proper.

7 **TRIAL BY JURY**

8 102. Pursuant to the seventh amendment to the Constitution of the United States of

9      America, Plaintiff is entitled to, and demands, a trial by jury.

10

11

12 Dated: November 14, 2013           Respectfully submitted,

13

14                                KAZEROUNI LAW GROUP, APC

15

16                     By: _____

17                            ABBAS KAZEROUNIAN, ESQ.

18                            ATTORNEY FOR PLAINTIFF

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| ANDRA JAY, | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 5:13 cv - 2142 MWF - DTBx |
| SALLIE MAE, INC.; GC SERVICES LIMITED | ) |
| PARTNERSHIP; AND, ALLIED INTERSTATE, LLC, | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   SALLIE MAE, INC.
2001 EDMUND HALLEY DR
RESTON, VA 20191

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Abbas Kazerounian, Esq.
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:  (800) 400-6808
Facsimile:  (800) 520-5523

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*



Date: NOV 2 1 2013 _____          _____
                                              *Signature of Clerk or Deputy Clerk*

SHEA BOURGOINE

1184

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )

ANDRA JAY,

**DEFENDANTS** (Check box if you are representing yourself ☐ )

SALLIE MAE, INC.; GC SERVICES LIMITED PARTNERSHIP; AND, ALLIED INTERSTATE, LLC,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Abbas Kazerounian, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Unit D1, Costa Mesa, CA 92626
Telephone: (800) 400-6808 ext. 2  E-mail: ak@kazlg.com

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act - 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental State claims.

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**  Case Number:  5:13-cv-2142

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims: | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | EASTERN DIVISION |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   DATE: November 14, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Michael W. Fitzgerald_____ and the assigned Magistrate Judge is _____David T. Bristow_____ .

The case number on all documents filed with the Court should read as follows:

## 5:13-CV-2142 MWF-DTBx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____November 21, 2013_____
Date

By  SBOURGEOIS_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)          NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES