**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

*Attorneys for Plaintiff,*
Rita Cutler, by and through Ms. Cutler's Guardian *Ad Litem*, Andra Jay

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RITA CUTLER, BY AND THROUGH MS. CUTLER'S GUARDIAN *AD LITEM*, ANDRA JAY,** | **Case No.:** EDCV13-2142 MWF DTBx |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| v. | I.    **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;** |
| **NAVIENT SOLUTIONS, INC. FORMERLY KNOWN AS SALLIE MAE, INC.; GC SERVICES LIMITED PARTNERSHIP; AND, ALLIED INTERSTATE, LLC,** | II.   **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.; AND,** |
| Defendants. | III.  **CALIFORNIA CIVIL CODE § 1798.92, ET SEQ.** |
| | **JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. RITA CUTLER, BY AND THROUGH MS. CUTLER'S GUARDIAN *AD LITEM*, ANDRA JAY ("Plaintiff") by Plaintiff's attorneys, brings this action to challenge the actions of NAVIENT SOLUTIONS, INC. FORMERLY KNOWN AS SALLIE MAE, INC. ("Sallie Mae" or "Defendants"); GC SERVICES LIMITED PARTNERSHIP ("GC Services" or "Defendants"); and, ALLIED INTERSTATE, LLC ("Allied") with regard to attempts by

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1682k and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); and, (iii) California Civil Code §§ 1798-92, et seq.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Palm Desert, County of Riverside, State of California which is within this judicial district; (ii) the conduct complained of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

3
**PARTIES**

4
5
6
7
13. Plaintiff is a natural person who resides in the State of California, from whom debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8
9
10
14. Ms. Cutler is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d). In addition, Ms. Cutler is a "senior citizen" as that term is defined by Cal. Civ. Code § 1761(f).

11
12
15. Defendant Sallie Mae is a company incorporated in the State of Delaware with its principal place of business in Reston, Virginia.

13
14
16. Defendant GC Services is a limited partnership incorporated in the State of Delaware with its principal place of business in Houston, Texas.

15
16
17. Defendant Allied Interstate LLC is a company incorporated in the State of Minnesota with its principal place of business in New York, New York.

17
18
19
20
18. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6).

21
22
23
24
19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

25
26
20. Defendants are each a "claimant" as that term is defined by California Civil Code § 1798.92(a).

27
///

28
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**FACTUAL ALLEGATIONS**

21. At all times relevant, Plaintiff is an individual residing within the State of California.

22. In 2006, Ms. Cutler was diagnosed with Alzheimer's disease.

23. Thereafter, Ms. Cutler's husband, Harold W. Cutler, passed away on January 26, 2008.

24. After years of medical care, two separate doctors and a registered nurse declared Ms. Cutler to be incompetent.  Specifically, David W. Trader, M.D. on March 10, 2008; Dr. R. Swamy Venuturupalli, M.D., F.A.C.R. on March 19, 2008; and, Liz Gayton, RN on February 28, 2012.

25. Shortly after this diagnosis, Plaintiff's daughter, Andra Jay ("Ms. Jay"), obtained Power of Attorney for Ms. Cutler in or about May 2008.  Ms. Jay now brings this lawsuit on behalf of Ms. Cutler as guardian *ad litem* since Ms. Cutler does not have the capacity to file suit.

26. Currently, Ms. Cutler is terminally ill and receiving the assistance of a hospice nurse.  In addition, Ms. Cutler is a senior citizen, aged 89.

27. As a result of the medical issues and Ms. Cutler's delicate age, Ms. Cutler retained the services of a family of three to act as live-in caregivers.

28. While caring for Ms. Cutler, the primary caregiver's daughter, Joana Reboja ("Reboja") met Kevin Smith ("Smith") online.

29. Merely months after meeting online, Smith moved into Ms. Cutler's home to live with Reboja and to provide additional assistance for Ms. Cutler.

30. In or about 2008, Smith abused Smith's role as caregiver and stole Ms. Cutler's identity for Smith's own personal gains.

31. First, Smith stole Ms. Cutler's identity in order to purchase two Nissan Z automobiles for Smith's personal use without Ms. Cutler's knowledge and/or consent.  Smith unilaterally listed Ms. Cutler as the owner of both vehicles.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

32. Following this purchase, Ms. Jay was contacted by Nissan informing Ms. Jay that Ms. Cutler was delinquent on Ms. Cutler's car payment.  Since Ms. Jay knew that Ms. Cutler did not drive, Ms. Jay was immediately suspicious and requested more information from Nissan.

33. As a result of Ms. Jay's investigation, Ms. Jay provided Nissan with sufficient information to allow Nissan to determine that Smith obtained the vehicles fraudulently and Nissan promised to refrain from collection efforts against Ms. Cutler and/or Ms. Jay on December 8, 2011.

34. During the course of Ms. Jay's investigation with Nissan, Ms. Jay obtained a copy of Ms. Cutler's credit report.  In reviewing said credit report, Ms. Jay discovered a tradeline from Sallie Mae alleging that Ms. Cutler co-signed for a student loan with Smith.

35. Thereafter, Ms. Jay filed two police reports on behalf of Ms. Cutler against Smith for stealing Ms. Cutler's identity in order to obtain the vehicles and a student loan with the Los Angeles Police Department.

36. As stated above, Ms. Cutler was legally incompetent to enter into any contracts at the time that Ms. Cutler allegedly co-signed for Smith's student loans.  Thus, Ms. Cutler lacked the legal capacity to enter into a contract of any sort.

37. As a result of Smith's deceit, Defendants assert that Ms. Cutler allegedly incurred financial obligations to the original creditor, Sallie Mae, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6).

38. On information and belief, Smith made payments on the Sallie Mae account for a period of time but eventually went into default.  Following said default, Sallie Mae initiated collection attempts against Ms. Cutler.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

39. Ms. Jay informed Sallie Mae that Ms. Jay had Power of Attorney for Ms. Cutler and explained that the account was opened fraudulently in Ms. Cutler's name.  In response, Sallie Mae's representative informed Ms. Jay that Ms. Jay must complete an ID Theft Affidavit in order for Sallie Mae to investigate Ms. Jay's claims.

40. In addition to completing Sallie Mae's ID Theft Affidavit, Ms. Jay provided Sallie Mae with Ms. Jay's Power of Attorney for Ms. Cutler; Dr. Trader's and Dr. Venuturupalli's Declarations of Incompetence; both police reports; and, detailed explanations regarding the fraud committed by Smith.  Furthermore, Ms. Jay's ID Theft Affidavit was also notarized by a Notary Public and provided Sallie Mae with Ms. Cutler's date of birth on numerous occasions.

41. In response to the copious information provided by Ms. Jay, Sallie Mae merely responded with a two-sentence letter on November 23, 2011 summarily asserting that Ms. Cutler was responsible for Smith's student loan.

42. This information showed Sallie Mae that identity theft had occurred and provided documentation supporting this occurrence.  As evidenced by Sallie Mae's conclusory form letter rejecting Ms. Jay's assertion, Sallie Mae failed to diligently investigate Ms. Cutler's notification of possible identity theft.  As a result, Sallie Mae has continued to pursue its claim against Ms. Cutler despite knowledge that Ms. Cutler is not responsible for the alleged debt.

43. On or before November 23, 2011, Ms. Jay telephonically contacted Sallie Mae in order to inquire about Sallie Mae's identity theft decision.  During said telephonic communication, Ms. Jay spoke with Sallie Mae's representative, "Rob Ysais."  Mr. Ysais confirmed that Sallie Mae had received Plaintiff's ID Theft Affidavit, including the police reports and the Declarations of Incompetence.  Thereafter, Mr. Ysais belittled and insulted Ms. Jay for believing that these documents established that Ms. Cutler's identity had been stolen.  In addition, Mr. Ysais falsely asserted that whether Ms. Cutler was

incompetent at the time of execution was irrelevant. Ms. Jay was deeply troubled by Mr. Ysais' verbal abuse and suffered emotional distress as a result.

44. Sallie Mae's continued attempts to knowingly collect an invalid debt from Ms. Cutler via written and telephonic communications constitutes a violation of 15 U.S.C. § 1692e since Sallie Mae used false, deceptive and misleading representations in connection with the collection of Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Cutler's alleged debt as one that is owed by Ms. Cutler. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms. Cutler's alleged debt from Ms. Cutler. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

47. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

48. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Ms. Cutler. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

49. To date, Sallie Mae continues Sallie Mae's unfair debt collection practices by communicating personal credit information to Ms. Cutler's credit report that is known or should be known to be false.  Such conduct constitutes a violation of 15 U.S.C. § 1692e(8).  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

50. Since Sallie Mae's repeated collection attempts continued, Ms. Jay retained the services of Glenn R. Kantor, Esq. of Kantor & Kantor, LLP to assist with Sallie Mae's unfair debt collection practices.  In that regard, Mr. Kantor sent a detailed written communication via certified mail dated February 6, 2012 explaining yet again to Sallie Mae why Ms. Cutler was not responsible for the alleged debt.  Mr. Kantor also informed Sallie Mae of Ms. Cutler's attorney's name, address, telephone number, e-mail, facsimile and requested that all further communication with regard to Ms. Cutler's alleged debt be directed to counsel only.

51. By ignoring the information provided by Ms. Jay and Ms. Cutler's counsel, Sallie Mae engaged in conduct the natural consequence of which was to harass, oppress and abuse Ms. Cutler.  Through this conduct, Sallie Mae violated 15 U.S.C. § 1692d.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

52. Sallie Mae's continued attempts to knowingly collect an invalid debt from Ms. Cutler via written and telephonic communications constitutes a violation of 15 U.S.C. § 1692e since Sallie Mae used false, deceptive and misleading representations in connection with the collection of Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

53. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Cutler's alleged debt as one that is owed by Ms. Cutler. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

54. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms. Cutler's alleged debt from Ms. Jay. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

55. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

56. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Ms. Cutler. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

57. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692c(2) by collecting an alleged debt from a represented party. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

58. Through this conduct, Sallie Mae also violated Cal. Civ. Code § 1788.14(c) by initiating communications, other than statements of account, with Ms. Cutler despite knowledge that Ms. Cutler was a represented party.

59. Since Sallie Mae wholly disregarded Mr. Kantor's written communication, Ms. Jay retained the services of Allan D. Sarver, Esq. Like Mr. Kantor before him, Mr. Sarver provided Sallie Mae with further documentation in support of

Ms. Jay's assertion that Ms. Cutler was not responsible for the alleged debt via written communication dated June 18, 2012.

60. By ignoring the information provided by Ms. Jay and Ms. Jay's counsel, Sallie Mae engaged in conduct the natural consequence of which was to harass, oppress and abuse Ms. Cutler. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

61. Sallie Mae's continued attempts to knowingly collect an invalid debt from Ms. Cutler via written and telephonic communications constitutes a violation of 15 U.S.C. § 1692e since Sallie Mae used false, deceptive and misleading representations in connection with the collection of Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

62. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Cutler's alleged debt as one that is owed by Ms. Cutler. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

63. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

64. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

65. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Ms. Cutler.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Sallie Mae also has violated Cal. Civ. Code § 1788.17.

66. Through this conduct, Sallie Mae violated 15 U.S.C. § 1692c(2) by collecting an alleged debt from Ms. Cutler, a represented party.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant also has violated Cal. Civ. Code § 1788.17.

67. Through this conduct, Sallie Mae also violated Cal. Civ. Code § 1788.14(c) by initiating communications, other than statements of account, with Ms. Cutler despite knowledge that Ms. Cutler was a represented party.

68. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to both Allied and GC Services for further collection activity. Thus, Sallie Mae continued Sallie Mae's unfair debt collection practices by representing to GC Services and Allied that Ms. Cutler's alleged debt was valid.

69. Following this alleged transfer, Allied began collecting Ms. Cutler's alleged debt from Ms. Cutler both telephonically and via written communications.

70. Mr. Sarver then contacted Allied and informed Allied that Allied was attempting to collect an invalid debt from Ms. Cutler.  Mr. Sarver's November 20, 2012 written communication also provided Allied with Ms. Jay's Power of Attorney for Ms. Cutler; the ID Theft Affidavit; Dr. Trader's and Dr. Venuturupalli's Declarations of Incompetence; both police reports; and, detailed explanations regarding the fraud committed by Smith.  This documentation repeatedly provided Allied with Ms. Cutler's date of birth. However, like Sallie Mae, Allied disregarded the information provided by Mr. Sarver and has continued to collect this invalid debt directly from Ms. Cutler.

///

71. This information showed Allied that identity theft had occurred and provided documentation supporting this belief.  As evidenced by Allied's continued collection activity, Allied failed to diligently investigate Ms. Jay' notification of possible identity theft.  As a result, Allied has continued to pursue its claim against Ms. Cutler despite knowledge that Ms. Cutler is not responsible for the alleged debt.

72. By ignoring the information provided by Ms. Jay and Ms. Jay's counsel, Allied engaged in conduct the natural consequence of which was to harass, oppress and abuse Ms. Cutler.  Through this conduct, Allied violated 15 U.S.C. § 1692d.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Allied also has violated Cal. Civ. Code § 1788.17.

73. Allied's continued attempts to knowingly collect an invalid debt from Ms. Cutler via written and telephonic communications constitutes a violation of 15 U.S.C. § 1692e since Allied used false, deceptive and misleading representations in connection with the collection of Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Allied also has violated Cal. Civ. Code § 1788.17.

74. Through this conduct, Allied violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Cutler's alleged debt as valid.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Allied also has violated Cal. Civ. Code § 1788.17.

75. Through this conduct, Allied violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms. Cutler's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Allied also has violated Cal. Civ. Code § 1788.17.

///

///

76. Through this conduct, Allied violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Allied also has violated Cal. Civ. Code § 1788.17.

77. Through this conduct, Allied violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Ms. Cutler.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Allied also has violated Cal. Civ. Code § 1788.17.

78. Concurrently, GC Services is also collecting the alleged Sallie Mae debt from Ms. Cutler.

79. As before, Mr. Sarver contacted GC Services and informed GC Services that GC Services was attempting to collect an invalid debt from Ms. Cutler.  Mr. Sarver's April 18, 2013 written communication also provided GC Services with Ms. Jay's Power of Attorney for Ms. Cutler; the ID Theft Affidavit; Dr. Trader's and Dr. Venuturupalli's Declarations of Incompetence; both police reports; and, detailed explanations regarding the fraud committed by Smith.  This documentation repeatedly provided GC Services with Ms. Cutler's date of birth.  However, like Sallie Mae, GC Services disregarded the information provided by Mr. Sarver and has continued to collect this invalid debt directly from Ms. Cutler.

80. This information showed GC Services that identity theft had occurred and provided documentation supporting this belief.  As evidenced by GC Services disregard of the information provided by Mr. Sarver, GC Services failed to diligently investigate Ms. Jay's notification of possible identity theft.  As a result, GC Services has continued to pursue its claim against Ms. Cutler despite knowledge that Ms. Cutler is not responsible for the alleged debt.

81. By ignoring the information provided by Ms. Jay and her counsel, GC Services engaged in conduct the natural consequence of which was to harass,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

oppress and abuse Ms. Cutler.  Through this conduct, GC Services violated 15 U.S.C. § 1692d.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

82.  GC Services' continued attempts to knowingly collect an invalid debt from Ms. Cutler via written and telephonic communications constitutes a violation of 15 U.S.C. § 1692e since GC Services used false, deceptive and misleading representations in connection with the collection of Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

83.  Through this conduct, GC Services violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Cutler's alleged debt as one that is owed by Ms. Cutler.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

84.  Through this conduct, GC Services violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms. Cutler's alleged debt from Ms. Cutler.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

85.  Through this conduct, GC Services violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt from Ms. Cutler.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

86.  Through this conduct, GC Services violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Ms. Cutler.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, GC Services also has violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

87.   Thus, Defendants took actions against Ms. Cutler concerning the alleged debt in violation of the statute discussed above.  Consequently, Defendants have violated 15 U.S.C. §§ 1692d; 1692e; 1692e(2)(A); 1692e(8); 1692e(10); 1692f; and, 1692f(1). In addition, Defendant also violated Cal. Civ. Code §§ 1788.11(b); 1788.11(c); and, 1788.17.

88.   These repeated and continuous violations have caused Ms. Cutler unnecessary stress and anxiety.  In addition, said violations also caused serious strain for Ms. Cutler, a terminally ill senior citizen, a fact known by Defendants. Despite this knowledge, Defendants continued to pursue Ms. Cutler for an invalid debt causing Ms. Cutler to suffer.

89.   In addition, Defendants' continued illegal collection actions and continued reporting on Ms. Cutler's credit reports after failing to conduct a reasonable investigation into Ms. Cutler's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

### [AGAINST ALL DEFENDANTS EXCEPT SALLIE MAE]

90.   Ms. Cutler incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

92.   As a result of each and every violation of the FDCPA, Ms. Cutler is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AGAINST ALL DEFENDANTS]

93. Ms. Cutler incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

95. As a result of each and every violation of the RFDCPA, Ms. Cutler is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

### COUNT III

### VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97

### [AGAINST ALL DEFENDANTS]

96. Ms. Cutler incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

98. As a result of each and every violation of Cal. Civ. Code § 1798.92, Ms. Cutler is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant

to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE,** Ms. Cutler prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually.

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;

- special, general, compensatory and punitive damages;

- treble damages pursuant to Cal. Civ. Code 3345; and,

- any and all other relief that this Court deems just and proper.

///
///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**TRIAL BY JURY**

99.   Pursuant to the seventh amendment to the Constitution of the United States of America, Ms. Cutler is entitled to, and demands, a trial by jury.


Dated: July 14, 2014                                          Respectfully submitted,



                                                      **KAZEROUNI LAW GROUP, APC**



                                         By: ____/s/ Matthew M. Loker____
                                                      MATTHEW M. LOKER, ESQ.
                                                      ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626