UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV-13-2142-MWF (DTBx) | Date: September 9, 2014 |
| Title: Rita Cutler *ex rel.* Andra Jay -v- Sallie Mae, Inc., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [65]

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"), filed on July 31, 2014, by Defendant GC Services Limited Partnership ("GCS") (Docket No. 65), and joined on August 6, 2014, by Defendant Allied Interstate LLC ("Allied") (Docket No. 69). The Court read and considered the papers filed on the Motions and held a hearing on September 8, 2014. For the reasons discussed below, the Motion is **GRANTED in part and DENIED in part**.

**Background**

Plaintiff Rita Cutler, by and through Andra Jay, filed the operative First Amended Complaint on July 14, 2014. (Docket No. 1). The Complaint alleges that Cutler, Jay's mother, suffers from Alzheimer's disease and has been declared incompetent by her physicians. (FAC ¶¶ 22, 24). Non-party Kevin Smith worked as Cutler's in-home caretaker. (*Id.* ¶ 29). Smith allegedly stole Cutler's identity. (*Id.* ¶¶ 30-31). Defendant Sallie Mae, Inc. ("Sallie Mae") issued a student loan to Smith, with Cutler as co-signor. (*Id.* ¶ 34). Cutler alleges that she notified Defendants that the debt was the product of identity theft, but each Defendant continued its attempts to collect the debt. (*Id.* ¶¶ 39-41, 69, 78). Cutler claims that Defendants violated federal and state law in their attempts to collect this debt from Cutler. (*Id.* ¶¶ 90-98).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-13-2142-MWF (DTBx)          Date:  September 9, 2014
Title:    Rita Cutler *ex rel.* Andra Jay -v- Sallie Mae, Inc., et al.

In the FAC, the First Claim for Relief alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. The Second Claim for Relief alleges a violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32. The Third Claim for Relief alleges a violation of the California Identity Theft Act ("CITA"), Cal. Civ. Code §§ 1798.92-1798.97.

**Motion to Dismiss**

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).

The Motion seeks dismissal of the FAC in full. The Motion argues that the FDCPA claim and the RFDCPA claim both fail because Plaintiff has not alleged a proper debt and Plaintiff has not pled the contents of any alleged communications with particularity. The Motion argues that the CITA claim fails because Defendants are not claimants as defined by CITA.

### FDCPA and RFDCPA

The Court analyzes FDCPA and RFDCPA identically because the RFDCPA is California's version of the FDCPA and either mimics the relevant provisions of the FDCPA or incorporates them by reference. *Murphy v. Bronson, Cawley & Bergmann, LLP*, No. 3:10-cv-01929 AJB (RBB), 2011 WL 2413447, at *6 (S.D. Cal. June 13,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-13-2142-MWF (DTBx)           Date:  September 9, 2014
Title:     Rita Cutler *ex rel.* Andra Jay -*v*- Sallie Mae, Inc., et al.

2011) (granting motion to dismiss FDCPA and RFDCPA claims because alleged communication did not violate FDCPA and RFDCPA as a matter of law).

The Motion argues that the FDCPA claim must be dismissed because Plaintiff has not adequately alleged a debt. The FDCPA applies only to consumer debts, defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

According to the Motion, in order to survive a Rule 12(b)(6) motion, Plaintiff must allege that the student loan Smith allegedly obtained from Sallie Mae was in fact used for educational purposes. This weak argument would, if accepted, repeal Rule 8(a)(2). The FAC alleges that Smith obtained a "student loan" from Sallie Mae (FAC ¶ 34), which plainly suffices to allege a transaction in which the money that is the subject of the transaction is primarily for personal purposes.

The Court acknowledges Defendants' argument, emphasized at the hearing, that an obligation arising from fraud is not a "debt." Tort judgments are generally not "debt" under the FDCPA. *Turner v. Cook*, 362 F.3d 1219, 1228 (9th Cir. 2004) (business interference torts); *Fleming v. Pickard*, 581 F.3d 922, 925–26 (9th Cir. 2009) (tortious conversion). The transaction here, however, arises from a contractual arrangement, not a damage obligation. The fraud action arose from Smith's consensual loan transaction, and therefore is a debt as defined in the FDCPA. *Turner*, 362 F.3d at 1227 ("[A]t a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation.").

The Motion's stronger argument is that the FAC's claims under the FDCPA and the RFDCPA fail because Plaintiff has not sufficiently alleged the content of any communications from the moving Defendants to Plaintiff.

The FAC contains only perfunctory allegations of communications between Defendants and Plaintiff. Both Allied and GCS are alleged to have "beg[u]n collecting

---

**CIVIL MINUTES—GENERAL**                                                  3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-13-2142-MWF (DTBx)          Date:  September 9, 2014
Title:    Rita Cutler *ex rel.* Andra Jay -v- Sallie Mae, Inc., et al.

Ms. Cutler's alleged debt from Ms. Cutler both telephonically and via written communications."  (FAC ¶¶ 69, 78).

Defendants argue that all communications alleged in a claim under the FDCPA must be pled with particularity pursuant to Rule 9(b).  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

Defendants cite to various district court opinions holding that communications to consumers must be pled with particularity because the FDCPA is directed at false, misleading, or harassing communications.  *See, e.g.*, *Townsend v. Chase Bank USA N.A.*, No. SACV08-00527 AG (ANx), 2009 WL 426393, at *2 (C.D. Cal. Feb. 15, 2009) (dismissing claims under the FDCPA and the RFDCPA because the complaint failed "to identify the persons making such communications, the dates those communications were received, or even the contents of the communications").

These decisions, however, paint with too broad a brush.  While certain sections of the FDCPA may be violated only on a showing of false or misleading communications, which must be pled with particularity under Rule 9(b), a plaintiff may plead a harassing, oppressive, abusive, unfair, or unconscionable communication without any allegations of fraud or mistake.  These allegations, then, need not meet the heightened pleading standard of Rule 9(b).  *See* 15 U.S.C. § 1692e (making unlawful "false or misleading representations"); *id.* § 1692d (making unlawful "any conduct the natural consequence of which is to harass, oppress, or abuse any person"); *id.* § 1692f (making unlawful "unfair or unconscionable means to collect or attempt to collect any debt").

The FAC's allegations that the communications from Allied and GCS to Plaintiff were harassing, oppressive, abusive, unfair, and unconscionable meet the applicable pleading standard under Rule 8(a)(2).  (FAC ¶¶ 72, 76, 81, 86).  Plaintiff has provided a "short and plain statement" showing that she is entitled to relief under these statutory provisions.  Fed. R. Civ. P. 8(a)(2).  Accordingly, the FAC's claims under

---

**CIVIL MINUTES—GENERAL**                                                                 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-13-2142-MWF (DTBx)     Date:  September 9, 2014
Title:     Rita Cutler *ex rel.* Andra Jay -v- Sallie Mae, Inc., et al.

sections 1692d and 1692f are validly pled, and the Motion is **DENIED** as to these claims.

On the other hand, the allegations of fraud or mistake necessary to make out a claim under section 1692e are sorely lacking. The FAC does not identify any particular communication sent by either Defendant to Plaintiff. The FAC does not identify who initiated the communication, who accepted the communication, the date, time, or place of the communication, or the content of the communication. Accordingly, the FAC's claims under section 1692e fail, and the Motion is **GRANTED** *with leave to amend* as to these claims.

These conclusions also apply to the RFDCPA, which incorporates the claims under sections 1692d-f in section 1788.17 of the California Civil Code.

### **CITA**

Defendants argue that Plaintiff's claim under CITA fails because Plaintiff admits that Defendants are not "claimant[s]" within the meaning of CITA. Under CITA, a claimant is "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." Cal. Civ. Code § 1798.92(a).

Defendants' primary contention is that neither GCS nor Allied can be a claimant under the statute because neither in fact owned the debt at the time of any communications with Plaintiff. Defendants' argument is belied by the plain text of the statute, which defines claimant to include not only a person who has a claim to the debt, but also a person who ***purports to*** have a claim for the debt.

The case cited by Defendants, *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087 (9th Cir. 2008), is not to the contrary. In *Satey*, the plaintiff alleged that he was the victim of identity theft in connection with a debt arising in 2002 with Chase. In 2003, Chase sold the debt to a third party. The plaintiff sued Chase and various other parties in 2005. The Ninth Circuit affirmed summary judgment in favor of Chase because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-13-2142-MWF (DTBx)         Date:  September 9, 2014
Title:    Rita Cutler *ex rel.* Andra Jay -v- Sallie Mae, Inc., et al.

Chase had not had a claim to the debt since 2003, and claimant status must be judged at the time of suit. *Id.* at 1092-93. *Satey* does not stand for the proposition that only the current owner of the debt may be liable under CITA, or that a third-party debt collector can never be a claimant under CITA. Rather, it only states that a party that admittedly surrendered its claim in the debt to another party two years before suit is filed is not a claimant. Furthermore, *Satey* was decided on summary judgment, with the benefit of a developed factual record as to which defendants in fact owned or purported to own the debt. In contrast, this Court must accept all allegations in the FAC as true for purposes of this Motion.

Plaintiff argues that the FAC states a claim under CITA because it alleges that Defendants had or purported to have a claim for the debt. The FAC alleges that "the alleged debt was allegedly assigned, placed, or otherwise transferred, to both Allied and GC Services for further collection activity." (FAC ¶¶ 68). It alleges that Allied began collecting on the debt following the assignment (*id.* ¶ 69), and that GCS is collecting the debt (*id.* ¶ 78). It is plausible, if these allegations are true, the Allied and GCS are claimants under CITA because they have or purport to have a claim for the alleged debt.

Accordingly, the Motion is **DENIED**.

## Conclusion

The Motion is **GRANTED** *with leave to amend* as to the claim under § 1692e of the FDCPA and its parallel provision in the RFDCPA. The Motion is otherwise **DENIED**. A Second Amended Complaint may be filed on or before **September 29, 2014**.

IT IS SO ORDERED.