**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Rita Cutler, by and through Ms. Cutler's Guardian *Ad Litem*, Andra Jay

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RITA CUTLER, BY AND THROUGH MS. CUTLER'S GUARDIAN *AD LITEM*, ANDRA JAY,**<br><br>Plaintiff,<br><br>v.<br><br>**NAVIENT SOLUTIONS, INC. FORMERLY KNOWN AS SALLIE MAE, INC.; GC SERVICES LIMITED PARTNERSHIP; AND, ALLIED INTERSTATE, LLC,**<br><br>Defendants. | **Case No.:** EDCV13-2142 MWF (DTB)<br><br>**PLAINTIFF RITA CUTLER, BY AND THROUGH MS. CUTLER'S GUARDIAN *AD LITEM*, ANDRA JAY'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO OR EVIDENCE OF PLAINTIFF'S MOTIVES**<br><br>**DATE:** May 11, 2015<br>**TIME:** 10:00 a.m.<br>**COURTROOM:** 1600<br><br>**HON. MICHAEL W. FITZGERALD** |

///

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO OR EVIDENCE OF PLAINTIFF'S MOTIVES**

**TO THE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

Plaintiff RITA CUTLER, BY AND THROUGH MS. CUTLER'S GUARDIAN *AD LITEM*, ANDRA JAY ("Plaintiff") hereby moves the Court, in limine, for the following Order: exclude reference to or evidence of Plaintiff's alleged motives in pursuing this Action.

### A. PLAINTIFF'S MOTIVES

The Act relies on and encourages consumers, such as Plaintiff, to act as private attorneys general to enforce the public policies expressed therein. 15 U.S.C. § 1692k(a). Indeed, Congress stated its unequivocal intent "that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Serves. Corp.,* 677 F.2d 775, 780-81 (9th Cir. 1982). Congress intended that the FDCPA be enforced by private attorneys general. *Wright v. Finance Service of Norwalk, Inc.,* 22 F.3d 647, 650 (6th Cir. 1994). As discussed in Plaintiff's moving papers in support of Plaintiff's Motion for Summary Judgement, CITA was enacted for similar purposes.

Defense counsel may attempt to inflame the jury by claiming that Plaintiff is in this case for the money. By denigrating the motives of Plaintiff, Defendant contravenes Congress's express intent that Plaintiff properly has such a motive.

Defendant's argument would be meant to reduce the statutory damage recovery. Nothing in the FDCPA allows the jury to consider Plaintiff's motives in awarding damages. 15 U.S.C. § 1692k. To determine the amount of statutory damages, the jury considers the nature of the violations. § 1692k(b)(1); *Masuda v. Thomas Richards & Co.,* 759 F.Supp. 1456, 1467 (C.D. Cal. 1991).

///
///
///
///

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, UNIT D1**
**COSTA MESA, CA 92626**

Thus, Plaintiff's motives are immaterial.

### B. CONCLUSION

Wherefore, A Motion in Limine should be granted directing Defendant NAVIENT SOLUTIONS, INC. FORMERLY KNOWN AS SALLIE MAE, INC. ("Defendant"); Defendant's witnesses; and, Defendant's attorneys not to question Plaintiff's motives in bringing this enforcement action pursuant to the RFDCPA; and, CITA.

Dated: April 16, 2015                                             Respectfully submitted,

                                                      **KAZEROUNI LAW GROUP, APC**

                                        By:   ___/s/ Abbas Kazerounian___
                                                     ABBAS KAZEROUNIAN, ESQ.
                                                     ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626